## In re WESSBLAD.
### Patent Appeal No. 2930.

Court of Customs and Patent Appeals.
May 23, 1932.

William G. McKnight, of New York City, Loyd H. Sutton, of Washington, D. C., and Wm. T. Hedlund, of New York City, for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting all of the claims in appellant's application, 23 to 26, inclusive, for a patent for an alleged invention relating to an air-cooled absorption refrigerating apparatus.

Appellant's apparatus is fully described in the appealed claims, of which 23 may be taken as illustrative: "23. Refrigerating apparatus comprising a generator, an absorber, a refrigerant condenser, and evaporator, all connected by conduits to form a closed system and a second system consisting of a closed hermetically sealed vaporization-condensation cycle comprising a chamber and an air-cooled condenser situated above said chamber and connected thereto, said second system containing a volatile liquid and said refrigerant condenser of the first-mentioned system being contained within said chamber of the second system."

The references are: Darlington, 854,276, May 21, 1907; Doherty, 1,518,053, December 2, 1924; von Platen-Munters (Br.), 202,602, March 27, 1924; von Platen-Munters (Br.), 1,609,334, December 7, 1926.

The sole issue before the court relates to the particular form of cooling means in combination with an absorption refrigerating apparatus.

In its decision, the Board of Appeals described appellant's apparatus and described and applied the references as follows:

"The cooling means comprises a closed system having a chamber in which the condenser and the absorber of the refrigerating system are located. This circuit also includes a coil so located as to be cooled by air. The closed circuit contains a liquid which is so chosen that its boiling point is sufficiently low to permit volatilization by the heat received from the condenser and absorber. The gases so produced condense in the cooling coil and return as liquid to the chamber surrounding the condenser and absorber. In the patent to von Platen et al. the condenser and absorber are located in chambers through which cooling water is circulated. This water does not travel in a closed cycle and is not evaporated.

"The examiner has cited the patent to Doherty as disclosing a refrigerating system in which the cooling water for the condenser and absorber circulates through a closed path. Appellant, however, denies that this is the operation in Doherty.

"The patent to Darlington discloses a cooling system of the same type as employed by the appellant. This system is illustrated in the patent as used for cooling a transformer.

"It is the examiner's position that there would be no invention in substituting the Darlington cooling system for the water cooling system shown in von Platen since Doherty discloses a closed circuit cooling system for the condenser and absorber of a refrigerating system. It is not seen that the disclosure in Doherty is especially helpful since this reference fails to disclose the type of cooling system defined in the claims.

"Appellant urges that the Darlington patent is from a non-analogous art and therefore not available as a reference. It is noted that the Darlington patent is directed particularly to the cooling system employed whether used for cooling electrical or other apparatus. The patent states that the invention relates to methods of conveying heat away from or cooling electrical and other heat-producing devices. It further states that it should be understood that the method may be applied to the cooling of any heat-producing or heat-radiating devices whether the heat is produced electrically or otherwise. The claims in the patent are broadly drawn to a temperature-regulator for heat producing devices; see especially claims 4 and 5. In view of this disclosure in Darlington it seems to us clear that appellant has not exercised invention in the substitution of this old type of cooling device, which is of general application, for the cooling device for the condenser and absorber of the refrigerating system disclosed in the patent to von Platen et al. and also in the British patent relied upon as a reference."

None of the references anticipate appellant's apparatus. The sole question, therefore, is whether invention was involved in modifying the von Platen disclosure, in view of the other references, by substituting for its cooling system the cooling apparatus disclosed in the patent to Darlington.

That appellant's apparatus is novel and useful is not denied. It likewise is not denied that appellant has made a distinct advancement in the absorption refrigerating art. It is true that the patent to Darlington, as stated by the Board of Appeals, and argued by the Solicitor for the Patent Office, relates to temperature regulators, and is not limited to electrical transformers, described in the patent. Nevertheless, considering the references in connection with appellant's combination, its admitted novelty, usefulness, and the distinct advancement it made in the absorption refrigerating art, we are out of accord with the conclusion reached by the Patent Office tribunals. We think the claims are patentable.

The decision of the Board of Appeals is, accordingly, reversed.

Reversed.

BLAND, Associate Judge (specially concurring).

I concur in the result for the reason that there is at least a very grave doubt as to the patentability of the claims, and it has been made clear to me that the Board did not resolve such doubt in favor of the applicant.